FILED
JUL 1 3 2011
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE M. DODRILL,

        Plaintiff,

vs.                            CIVIL ACTION NO. 1:11CV35

ALPHARMA, INC. (King Pharmaceuticals) and
WEST VIRGINIA HUMAN RIGHTS COMMISSION,

        Defendants.

## REPORT AND RECOMMENDATION/OPINION

On the 25th day of March, Plaintiff, George M. Dodrill ("Dodrill"), proceeding *pro se*, filed his Complaint in this Court against Defendants, Alpharma, Inc. ("Alpharma") and West Virginia Human Rights Commission ("WVHRC") [DE 1]. On May 2, 2011, Defendant Alpharma filed a "Motion to Dismiss, or, in the Alternative, for a More Definite Statement" [DE 12].[1] The Court sent Plaintiff a Roseboro Notice, advising him of his right to file responsive material, and alerting him to the fact that his failure to do so might result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The Court specifically advised Plaintiff:

> Alpharma moves to dismiss Dodrill's claims pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Alpharma also asserts that, pursuant to Fed. R. Civ. P. 12(b)(5), Dodrill's claims should be dismissed for his failure to properly serve it. In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the Court must take all well-pleaded material allegations as admitted, but conclusions of law and unwarranted deductions of fact are not admitted. A complaint must be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented." Mylan Laboratories, Inc, v. AKZO, N.V., 770 F. Supp. 1053, 1059 (D. Md. 1991). Thus, "a complaint must contain 'enough facts to state a claim to relief

---

[1] WVHRC also filed a Motion to Dismiss, which will be addressed by separate Report and Recommendation.

that is plausible on its face.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 544, 570 (2007)).

In light of defendant's motions, within **thirty (30) days** of the entry of this Order, Dodrill shall file any opposition explaining why his case should not be dismissed. Should Dodrill fail to respond to the motions to dismiss of the WVHRC or Alpharma, his claims may be subject to dismissal pursuant to one or more of their arguments.

Plaintiff did not respond to the Roseboro notice and has not filed any responsive material to the Motion to Dismiss.

## I. The Complaint

Plaintiff's Complaint as to Alpharma alleges verbatim:

The Dismissal & Notice of Rights form issued to the plaintiff on December 22, 2010, by the U.S. Equal Employment Opportunity Commission authorizes the filing of a lawsuit in Federal District Court within 90 days of receipt of the notice. This lawsuit is based on Title VII, the Americans with Disabilities Act, the Generic [sic] Information Nondiscrimination Act,[2] or the Age Discrimination in Employment Act.

The claim of the plaintiff states that Alpharma, Inc. (King Pharmaceuticals) failed to provide required accommodation for the disability of the aforementioned. Alpharma Incorporated's policy disallowing the plaintiff the right to discuss his disability with his co-workers was discriminatory in and of itself based on the fact that other co-workers discussed personal medical issues daily without penalty. The request by the plaintiff to be able to discuss his disability with co-workers was pleaded to management as a determined psychological accommodation by the American Psychological Association. This refusal by management to allow for the said accommodation exacerbated the plaintiff's disability (Anxiety Disorder) leading to his forced resignation (constructive discharge).

. . . .

The only relief requested by the plaintiff is for two years of lost wages in the amount of $100,000.00 and punitive damages stemming from the pain and suffering incurred by two years of unemployment in the amount of $200,000.00.

---

[2]The undersigned believes Dodrill means the Genetic Information Nondiscrimination Act.

## II. Alpharma's Motion to Dismiss

In its Motion to Dismiss Alpharma argues:

1. Because Plaintiff has not sufficiently alleged the proper elements for any claim under the ADA, Title VII, GINA, or the ADEA, Defendant now moves for dismissal of this action.

2. The ADA claim set forth in Plaintiff's Complaint should be dismissed because Plaintiff has failed to identify a recognized major life activity that was substantially affected by his alleged impairment.

3. The allegations set forth in Plaintiff's Complaint are insufficient to state a claim under title VII because the Complaint is devoid of any allegations demonstrating that Plaintiff is a member of a class protected under Title VII.

4. The allegations set forth in Plaintiff's Complaint are insufficient to state a claim under GINA because the Complaint contains no allegations concerning the Plaintiff's "genetic information" or any claimed discriminatory use of the same by Defendant.

5. The allegations set forth in Plaintiff's Complaint are insufficient to state a claim under the ADEA because the Complaint does not assert that Plaintiff is within the protected age classification, that he was performing at a level that met Defendant's legitimate expectations, and/or that the alleged adverse action was based upon Plaintiff's age.

6. Because Plaintiff has failed to state a cause of action under the ADA, Title VII, GINA, or the ADEA, his Complaint should be dismissed in its entirety and with prejudice.

As previously noted, Dodrill failed to respond to the Motion to Dismiss.

## II. Discussion

### A. Rule 12(b)(6)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...a plaintiff's obligation to provide the 'grounds' of [his] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007). While the plaintiff in an employment discrimination suit need not allege specific facts establishing a *prima facie* case of discrimination, he must allege facts supporting each of the elements of his discrimination claims. Swierkiewicz v. Sorema. N.A., 534 U.S. 506, 510-511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002).

In Ashcroft v. Iqbal, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the United States Supreme Court clarified that its decision in Twombly, supra, "expounded the pleading standard for 'all civil actions [and] applied to antitrust and discrimination suits alike."

Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that the plaintiff's factual allegations do not support one or more of the elements of his discrimination claims and no relief could be granted under any set of facts which could be proven consistent with the allegations.

Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity

to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## B. Threshold Matter

Although Plaintiff's complaint alleges in the first paragraph that his lawsuit is based on Title VII, the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act, he has failed to allege any actual violations of any Act except the ADA. Other than that first conclusory paragraph, the complaint alleges only acts or omissions regarding Plaintiff's alleged disability. Plaintiff was served with Defendant's Motion to Dismiss which clearly outlined the deficiencies in his Complaint. Further, the Court entered and served a Roseboro Notice providing Plaintiff the opportunity to respond to Defendant's motion and to remedy the deficiencies. Plaintiff failed to file any response to the Motion to Dismiss and has filed nothing further.

The undersigned therefore **RECOMMENDS** Plaintiff's Title VII, Genetic Information Nondiscrimination Act, and Age Discrimination in Employment Act claims be **DISMISSED**.

## C. Americans with Disabilities Act.

The ADA prohibits discrimination by employers against qualified individuals with a disability. Discrimination under the ADA includes a failure to make "reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability who is an applicant or employee," 42 U.S.C. section 12112(b)(5)(A). Plaintiff claims Defendant "failed to provide required accommodation for [his] disability . . . ."

In a failure to accommodate case, the plaintiff must show: (1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] failed to make such accommodations." Rhoads v. F.D.I.C., 257 F.3d 373 (4th Cir. 2001).

As regards this case, disability is defined in the ADA as "a physical or mental impairment that substantially limits one or more major life activities . . . ." 42 U.S.C. section 12102(1)(A) (emphasis added). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. section 12102(2).

Plaintiff alleges one impairment, Anxiety Disorder. An anxiety disorder is not *per se* a disability. Plaintiff does not even attempt to allege that his anxiety disorder substantially limits one or more major life activities much less allege which major life activities it affects, or how his anxiety disorder limits those major life activities. The undersigned could find no Fourth Circuit case on point, but other district courts have dismissed ADA claims for failure to identify a recognized major life activity. See, e.g., Giraldi v. Bd. of Parole, State of New York, 2009 WL 3191530 (N.D.N.Y. 2009) ("If a plaintiff fails to identify the specific activity limited by the impairment and fails to allege that it constitutes a major life activity, the ADA claim must be dismissed." Citing Reeves v. Johnson Controls World Servs., 140 F.3d 144 (2d Cir. 1998)); Creasy v. Novelty, Inc., 2005 WL 1652441 ("Plaintiff has not stated in his amended complaint what major life activity is substantially limited by his physical impairment"); Simmons v. Ohio Civil Service Emp. Assoc., 259 F.Supp2d 677

(S.D. Ohio 2003):

> Assuming as the Court must that Plaintiff's statements are true for purposes of this motion to Dismiss, and affording due weight to Plaintiff's status as a *pro se* party, her complaint does not offer a plain statement of fact from which the Court can infer a disability consistent with ADA's statutory definition. At best, the statements quoted above describe how Plaintiff believes she has been affected by DYS's conduct. Taken as a whole, however, the Court is not satisfied that Plaintiff's averments state a cognizable claim under the ADA. Plaintiff does not claim a substantial limitation resulting from a physical or mental impairment. Plaintiff also fails to identify a recognized major life activity that has been substantially limited by any purported physical or mental impairment. Last, Plaintiff fails to allege that a disability caused Defendant to engage in any activity prohibited by the statute. For these reasons, the Court finds that the Plaintiff has failed to state a claim under the ADA. Further, amendment of her pleadings would appear to be futile.

Even under the deferential status provided *pro se* Plaintiffs' Complaint, the undersigned finds he has failed to allege the necessary elements of an ADA claim. He identifies an impairment (anxiety disorder) but fails to identify a <u>substantial limitation</u> resulting from his anxiety disorder. He also fails to identify a <u>major life activity that has been substantially limited</u> by his anxiety disorder. He fails to show that his employer had notice of his <u>disability</u> (not just that he had an impairment, but a disability). He fails to show his requested accommodation was reasonable and if the employer accommodated him in that manner he could perform the essential functions of the position. Plaintiff does alleged that his employer failed to make the requested accommodation. Significantly, the Court provided Plaintiff the opportunity to develop his pleadings by advising him of his right to respond to the motion to dismiss and that his complaint may be dismissed should he fail to do so. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

Further, Plaintiff does not fails to allege that a disability caused Defendant to engage in any activity prohibited by the statute. He does not allege he was terminated, demoted, suspended, not promoted, not given a raise, etc. due to his disability. Instead, he alleges his employer's failure to

accommodate his disability by "disallowing [him] the right to discuss his disability with co-workers," "exacerbated the plaintiff's disability (Anxiety Disorder) leading to his forced resignation (constructive discharge)." The Fourth Circuit has stated that a constructive discharge occurs when "an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." Bristow v. Daily Press, Inc. 770 F.2d 1251 (4th Cir. 1985). Deliberateness exists only if the actions complained of "were intended by the employer as an effort to force the employee to quit." Id. The employer must have a "specific intent to force an employee to leave." Id. "The employment discrimination laws require as an absolute precondition to suit that some adverse employment action have occurred. They cannot be transformed into a palliative for every workplace grievance, real or imagined, by the simple expedient of quitting." Id. Plaintiff has not provided even a hint in his complaint that his employer had a specific intent to force him to leave.

Upon consideration of all of the above, the undersigned respectfully recommends that Alpharma's Motion to Dismiss [Docket Entry 12] be **GRANTED**.

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Defendant Alpharma, Inc.'s Motion to Dismiss [Docket Entry 12] be **GRANTED** and that this matter be **DISMISSED** and stricken from the Court's docket.

Any party may, within fourteen (14) calendar days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United

States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel and by Certified Mail, Return Receipt Requested, to Plaintiff *pro se*.

Respectfully submitted this 13 day of July, 2011.

JOHN S. KAULL

UNITED STATES MAGISTRATE JUDGE