IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE M. DODRILL,**

      **Plaintiff,**

*vs*.                                                              **CIVIL ACTION NO. 1:11CV35**

**ALPHARMA, INC. (King Pharmaceuticals) and
WEST VIRGINIA HUMAN RIGHTS COMMISSION,**

      **Defendants.**

### REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant West Virginia Human Rights Commission's Motion to Dismiss filed April 28, 2011 [DE 8]. The matter was referred to the undersigned by United States District Judge Irene M. Keeley on May 11, 2011 [DE 18].

### I. Procedural History

On the 25th day of March, Plaintiff, George M. Dodrill ("Dodrill"), proceeding *pro se*, filed his Complaint in this Court against Defendants, Alpharma, Inc. ("Alpharma") and West Virginia Human Rights Commission ("WVHRC") [DE 1]. On April 28, 2011, Defendant WVHRC filed a Motion to Dismiss [DE 8].[1] The Court sent Plaintiff a Roseboro Notice, advising him of his right to file responsive material, and expressly alerting him to the fact that his failure to do so might result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). The Court specifically advised Plaintiff of WVHRC's arguments, as follows:

---

[1] Alpharma also filed a Motion to Dismiss, which will be addressed by separate Report and Recommendation.

The WVHRC argues that the Court must dismiss Dodrill's claims because: 1) it has immunity from suit under the Eleventh Amendment to the United States Constitution, 2) Dodrill failed to properly serve it pursuant to Fed. R. Civ. P. 4(j)(2), and 3) Dodrill failed to comply with the pre-suit notice requirements of W. Va. Code Section 55-17-3.

The Court then advised Dodrill:

In light of the defendants' motions, within **thirty (30) days** of the entry of this Order, Dodrill shall file any opposition explaining why his case should not be dismissed. Should Dodrill fail to respond to the motions to dismiss of the WVHRC or Alpharma, his claims may be subject to dismissal pursuant to one or more of their arguments.

Plaintiff did not respond to the Roseboro notice and has not filed any responsive material to the Motion to Dismiss.

## II. The Complaint

Plaintiff's Complaint alleges verbatim:

The Dismissal & Notice of Rights form issued to the plaintiff on December 22, 2010, by the U.S. Equal Employment Opportunity Commission authorizes the filing of a lawsuit in Federal District Court within 90 days of receipt of the notice. This lawsuit is based on Title VII, the Americans with Disabilities Act, the Generic[2] Information Nondiscrimination Act, or the Age Discrimination in Employment Act.

The claim of the plaintiff states that Alpharma, Inc. (King Pharmaceuticals) failed to provide required accommodation for the disability of the aforementioned. Alpharma Incorporated's policy disallowing the plaintiff the right to discuss his disability with his co-workers was discriminatory in and of itself based on the fact that other co-workers discussed personal medical issues daily without penalty. The request by the plaintiff to be able to discuss his disability with co-workers was pleaded to management as a determined psychological accommodation by the American Psychological Association. This refusal by management to allow for the said accommodation exacerbated the plaintiff's disability (Anxiety Disorder) leading to his forced resignation (constructive discharge).

The claim of the plaintiff states that the West Virginia Human Rights Commission (WVHRC) was derelict in its duties to investigate the failure of Alpharma, Inc. to

---

[2]The Court believes Dodrill meant to cite the Genetic Information Nondiscrimination Act.

provide accommodation for the plaintiff's disability and, therefore, discriminated against him. After repeated requests for documentation of the WVHRC's investigative process, based on the Freedom of Information Act, the plaintiff was denied and is pleading for such documentation. It is also the contention of the plaintiff that the WVHRC did not educate itself of the complexities of Anxiety Disorder and, therefore, was not qualified to make the final determination of No Probable Cause.

The only relief requested by the plaintiff is for two years of lost wages in the amount of $100,000.00 and punitive damages stemming from the pain and suffering incurred by two years of unemployment in the amount of $200,000.00.

### III. Discussion

In its Motion to Dismiss WVHRC argues: 1) The Eleventh Amendment forbids a private citizen, such as the Plaintiff, from filing a civil action against the Defendant in federal court; 2) The Plaintiff failed to effectuate proper service against the West Virginia Human Rights Commission; and 3) Plaintiff failed to provide pre-suit notice as required by W.Va. Code Section 55-17-3.

**A. Threshold Matter**

Although Plaintiff's complaint alleges in the first paragraph that his lawsuit is based on Title VII, the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act, he has failed to allege any actual violations of any Act except the ADA. Other than that first conclusory paragraph, the complaint alleges only acts or omissions regarding Plaintiff's alleged disability. The undersigned therefore **RECOMMENDS** Plaintiff's Title VII, Genetic Information Nondiscrimination Act, and Age Discrimination in Employment Act claims be **DISMISSED**.

**B. Eleventh Amendment**

Defendant WVHRC first argues that Plaintiff's claims against it are barred by the Eleventh Amendment. As already noted, the Court provided Plaintiff with a Roseboro Notice, advising him

expressly of WVHRC's arguments and directing him within thirty days to file any opposition explaining why his case should not be dismissed. The Court also clearly and expressly advised Plaintiff that should he fail to respond to WVHRC's Motion to Dismiss "his claims may be subject to dismissal pursuant to one or more of their arguments." Plaintiff did not respond to the Roseboro notice and has not filed any responsive material to the Motion to Dismiss.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Although WVHRC argues that Plaintiff is a citizen of West Virginia, it appears from his Complaint that he actually resides in Ohio. Nevertheless, the United States Supreme Court has extended the Amendment's applicability to suits by citizens against their own States. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 120 S.Ct.631, 145 L.Ed.2d 522 (2000). Plaintiff's residency is therefore not material to this opinion.

The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. Id. at 73, 120 S.Ct. 631. There are exceptions to this guarantee, however. A State may waive Eleventh Amendment Immunity and consent to suit in federal court. See Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Additionally, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and "act[s] pursuant to a valid grant of constitutional authority. Kimel, supra, at 528 U.S. at 73. Neither exception applies here, however. WVHRC has clearly not consented to suit in federal court.

In Board of Trustee of University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955 (2001) the United States Supreme Court held that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I of the ADA. Plaintiff clearly and expressly states in his Complaint that the only relief he requests is for two years of lost wages in the amount of $100,000.00 and punitive damages stemming from the pain and suffering incurred by two years of unemployment in the amount of $200,000.00.

The undersigned therefore finds the Eleventh Amendment bars Plaintiff's suit against the WVHRC. Having so determined, it is unnecessary to address, and the undersigned does not address WVHRC's alternative arguments, that Plaintiff failed to effectuate proper service or that Plaintiff failed to comply with West Virginia's pre-suit notice requirement.

**RECOMMENDATION**

For all the above reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Defendant West Virginia Human Rights Commission's Motion to Dismiss [Docket Entry 8] be **GRANTED** and that this defendant be **DISMISSED** from this case.

Any party may, within fourteen (14) calendar days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

5

Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel and by Certified Mail, Return Receipt Requested, to Plaintiff *pro se.*

Respectfully submitted this 13th day of July, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE